## Sarah Friedman, Defendant in Error, v. Knights of the Modern Maccabees. Plaintiff in Error.

## Gen. No. 16,281.

1. FRATERNAL BENEFIT SOCIETIES—*failure to exhaust remedy provided by constitution and by-laws.* In order that a failure by the beneficiary to exhaust remedies provided to be pursued under the constitution and by-laws of the society may be availed of, the society must show that it did all that was required of it in order to require the beneficiary to resort to such remedies.

2. VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside as against the evidence unless clearly and manifestly so.

Error to the Municipal Court of Chicago; the HON. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed April 24, 1912.

ELDON N. CLARK, for plaintiff in error.

BENJAMIN E. COHEN, for defendant in error; H. J. ROSENBERG, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

In a suit brought in the Municipal Court by Sarah Friedman against the Knights of the Modern Maccabees, a fraternal benefit society, to recover the amount of a benefit certificate issued by it to Moses Finkelstein, a son of the plaintiff, a trial by jury resulted in a verdict and judgment against the defendant for $1,000, to reverse which judgment it prosecutes this writ of error.

Plaintiff in error interposes two defenses in bar of a recovery. First, that defendant in error has failed to show a compliance with section 70 of the by-laws, whereby she was required to pursue a remedy within the order before resorting to a court of law, and second, that the insured at the time of his death and prior thereto was engaged in the prohibited occupation of selling spirituous or malt liquors as a beverage.

Section 70 of the by-laws of plaintiff in error is as follows:

"The Executive Committee shall decide on all death claims referred to it, and if in its judgment any such claim is not on its face a valid one, it shall notify the beneficiary or beneficiaries of the deceased member thereof, and give them, or their attorneys, an opportunity to appear before such committee within sixty days thereafter, and present such evidence as they may have to establish the justness of the said claim, and the said committee shall try, hear and decide upon the justness or validity of such claim, and such decision shall be binding and final, unless an appeal is taken to the Great Camp. The notice of the appeal from the decision of the committee must be filed with the Great Record Keeper within sixty days thereafter.

The decision of the Great Camp in all such cases shall be final, and no suit in law or equity shall be commenced or maintained by any member or beneficiary against the order until every remedy provided by its laws has been exhausted."

Upon the evidence disclosed by the record it is unnecessary to discuss and determine the question of the validity of Section 70, in so far as it provides that the decision of the Great Camp shall be final and that no suit shall be commenced or maintained against the order until every remedy provided by the by-laws has been exhausted.

The record discloses that the insured died June 26, 1908, and that the required proofs of death were prepared under the direction of the Record Keeper and Commander of the local Tent of plaintiff in error July 6th and July 9th following, as appears from the stamp thereon bearing the initials of A. M. Slay, the Great Record Keeper of plaintiff in error.

There is no evidence tending to show that the Executive Committee of plaintiff in error ever adjudged the claim to be invalid on its face, or that it ever notified defendant in error of such judgment, if entered, so that defendant in error might pursue the remedy provided for in Section 70. A judgment of the Executive Committee that the claim of defendant in error was invalid on its face, and notice to defendant in error of such judgment, are necessary prerequisites to the adoption by defendant in error of the procedure prescribed in Section 70, and it is incumbent on plaintiff in error to show such judgment and notice before it can invoke the provisions of such section as a defense, even if available.

As tending to prove that the insured, at the time of his death, was engaged in the occupation of selling spirituous or malt liquors as a beverage, plaintiff in error introduced in evidence an application signed by the insured for the issuance to him of a license to

keep a dram shop at No. 259 West Lake street, and also two certificates showing that licenses to keep a dram shop at said location were issued to the insured on May 1, 1907, and Nov. 1, 1907. It also appears from the evidence that prior to his death the insured occasionally "made up" the cash register in the saloon at 259 West Lake street, and took out the money; that four or five years prior to his death and before he became a member of the order, the insured occasionally relieved a bartender by the name of Zobel at the lunch hour in a saloon kept by Peter or Abe Cohen at 259 West Randolph street, where the insured kept a rooming house up stairs.

There is also evidence tending to show that during the time in question the insured was regularly employed in the vegetable business; that the saloon licenses issued in the name of the insured were taken by him for the use and benefit of Peter Cohen or Abe Cohen, by whom the saloon was in fact conducted, and that the saloon license, expiring October 31, 1908, was assigned by the insured to Abe Cohen; that upon the occasions when the insured "made up" the cash register, he did so merely as a personal accommodation to the Cohens; that the insured was not engaged in the business of selling spirituous or malt liquors as a beverage.

It is apparent that in this state of the record, the verdict of the jury cannot be held to be against the manifest weight of the evidence.

The judgment of the Municipal Court is affirmed.

*Judgment affirmed.*